2020 IL App (1st) 182660-U

No. 1-18-2660

Order filed June 30, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RONNIE PITTMAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M 1714150 |
| | ) | |
| DEBBIE PITTMAN, | ) | Honorable |
| | ) | Alison C. Conlon, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MCBRIDE delivered the judgment of the court.
Presiding Justice Ellis and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's eviction order is affirmed where defendant failed to provide an adequate record on appeal.

¶ 2    Defendant Debbie Pittman appeals from the circuit court's November 8, 2018 order granting plaintiff Ronnie Pittman's motion to evict defendant from a certain residence. Defendant argues that the court granted the eviction on improper bases and denied her right to a jury trial. We affirm.

¶ 3     The record on appeal lacks a report of proceedings for the November 8, 2018 hearing. The following facts are taken from the common law record, including the circuit court's half-sheets and orders, and the parties' pleadings and motions.

¶ 4     Plaintiff filed a complaint on September 4, 2018, seeking possession of a certain residence on South Elizabeth Street in Chicago. Defendant entered her *pro se* appearance and jury demand on September 21, 2018, then filed an answer and motion to dismiss on September 24, 2018.

¶ 5     On October 6, 2018, plaintiff filed a motion to evict defendant from the residence. In the motion, plaintiff alleged that he and defendant were involved in ongoing domestic relations proceedings. On June 29, 2018, the domestic relations court ordered defendant to execute a quit claim deed to plaintiff for the residence. When defendant failed to do so, the domestic relations court entered a judge's deed on July 9, 2018, that granted the property to plaintiff. Plaintiff attached the relevant orders and the judge's deed to the motion.

¶ 6     On October 11, 2018, defendant filed a motion to strike plaintiff's pleadings due to "fraud on the court." In relevant part, defendant alleged that plaintiff obtained the judge's deed by providing the domestic relations court with "false information."

¶ 7     On October 26, 2018, defendant filed a response to plaintiff's motion to evict. Therein, she argued plaintiff was "bound" by a May 21, 2013 order in the domestic relations proceeding that granted her exclusive possession of the residence. She further argued that an appeal was pending in that case, and plaintiff's motion to evict should be denied until the appellate court ruled.

¶ 8     On November 5, 2018, defendant refiled her answer and motion to dismiss and attached a new exhibit consisting of emails regarding her efforts to obtain the deed and refinance the residence.

¶ 9 Following a hearing on the parties' motions on November 8, 2018, the circuit court granted plaintiff's motion to evict. The record on appeal does not include a report of proceedings for the hearing or substitute therefor. The court's order states:

"This matter coming before the Court for hearing on pending motions, due notice having been given and the Court being fully advised in the premises, both parties being present and having an opportunity to be heard, it is hereby ordered that D[efendant's] motion to strike is denied, D[efendant's] motion to dismiss is denied, and Plaintiff's verified motion to evict is granted based on the factual findings made by the Court based on that motion and Defendant's verified response."

¶ 10 On December 7, 2018, defendant filed a motion to vacate the eviction order. She also filed an emergency motion to vacate on December 10, 2018, and a motion for stay of eviction on December 19, 2018. The court denied defendant's motions on December 20, 2018. Defendant filed her *pro se* notice of appeal that day.

¶ 11 On March 16, 2020, we entered an order taking this case on defendant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 12 On appeal, defendant argues that the circuit court erred in ordering her eviction because (1) the ruling was against the manifest weight of the evidence, (2) the court improperly disposed of the case without a jury trial, and (3) the domestic relations court did not have jurisdiction to issue the judge's deed.

¶ 13 Although defendant proceeded *pro se* in this appeal, she nonetheless must abide by the same rules as an appellant represented by counsel. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. These rules include the appellant's duty to supply the reviewing court with a

sufficient record of the trial proceedings to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). If a complete record is unavailable, the reviewing court must presume "that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. Any doubts arising "from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 14    Defendant's claims must fail because she did not provide a sufficient record from which we can evaluate them. Here, the record does not contain a report of proceedings from the hearing on November 8, 2018, nor is there a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). We therefore must assume that the court's decision to grant plaintiff's motion and evict defendant was not against the manifest weight of the evidence. Similarly, without knowing what discussions occurred before the court that day, we must assume the court's decision to proceed without a jury was appropriate, notwithstanding that the record contains defendant's jury demand. See *In re Marriage of Pavlovich*, 2019 IL App (1st) 172859, ¶ 20 ("Because respondent has failed to provide us with a sufficient record on which to determine whether the trial court committed reversible error *** we must assume that the [court] acted in conformance with the law."); see also *Nottage v. Jeka*, 172 Ill. 2d 386, 398 (1996) (in the absence of a report of proceedings, the reviewing court was required to presume the lower court's decision to strike defendant's jury demand and proceed with a bench trial was proper).

¶ 15    We further note that the pending appeal in the domestic relations proceeding did not deprive the domestic relations court of jurisdiction to issue the judge's deed. As this court ruled in that appeal, the domestic relations court's orders were not final and appealable except for a finding of indirect civil contempt against defendant. See *In re Marriage of Pittman*, 2019 IL App (1st)

161316-U, ¶¶ 50-57. Therefore, the domestic relations court retained jurisdiction to issue further orders regarding the residence, including the July 9, 2018 order and accompanying judge's deed.

¶ 16    For the foregoing reasons, the record is insufficient to resolve defendant's claims, and the circuit court's eviction order is affirmed.

¶ 17    Affirmed.